IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK T. PEARSON, DONNA K. PEARSON, U.S. GOVERNMENT, VETERANS ADMINISTRATION, and SECRETARY OF VETERANS AFFAIRS,<br><br>Plaintiffs,<br><br>v.<br><br>NOLA DEVRIES, FORRESTON MUTUAL INSURANCE, NORM BRAND, TOM DOOLEY, DOOLEY CLAIMS SERVICE, ALL BOARD MEMBERS OF FORRESTON MUTUAL INSURANCE, and ALL OWNERS OF FORRESTON MUTUAL,<br><br>Defendants. | Case No. 3:19-CV-972-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiffs Donna and Frank Pearson filed a *pro se* complaint on September 4, 2019, purportedly on behalf of themselves, the United States Government, the Veterans Administration, and the Secretary of Veterans Affairs, alleging a conspiracy by Defendants to defraud the Government and anyone who files a claim with Defendant Forreston Mutual Insurance ("Forreston Mutual") for damage or loss on a homeowners' policy (Doc. 1).

Forreston Mutual moved to dismiss the Complaint for lack of jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 10). Defendants Norm Brand, Tom Dooley, Dooley Claims Service, and Nola DeVries have joined in the motion (Doc. 18). For the reasons set forth below, Defendants' motion to dismiss for lack of jurisdiction is granted.

## BACKGROUND

In August 2019, the Pearsons filed a claim with Forreston Mutual for total roof damage on property secured by a Veterans' Administration (VA) loan (*Id.* at pp. 4-5). The Pearsons allege they suffered total roof damage, a loss of all ceilings in their house, and a complete loss of all objects and furniture in their home due to rain, hail, mold, and mildew (*Id.* at p. 5). Nola DeVries, who is on the Board of Directors of Forreston Mutual, hired Dooley Claims Service, who sent Norm Brand to review the damage (*Id.* at p. 6). Brand said he could not see any damage (*Id.*). As a result, Forreston Mutual paid nothing on the claim, and the property is a total loss (*Id.*).

The Pearsons allege Defendants have conspired to ensure that no damage is found to any property on which a claim is made (*Id.*). They assert that Nola DeVries created a scheme with Dooley Claims and Norm Brand to defraud the VA of its lawful right to conduct business affairs free from deceit, fraud, and misrepresentation (*Id.* at p. 3). These actions have resulted in fraud on the VA and the U.S. Government because they now own a piece of property, insured for a total of $554,810, that is a total loss (*Id.*). The Pearsons claim these actions constitute a crime under 18 U.S.C. § 371 (*Id.*). They also assert that Frank Pearson is a 75-year-old, highly decorated Vietnam War veteran, and that Defendants' fraud has caused him great emotional distress to the level of elder abuse. The Pearsons seek compensatory damages and punitive damages of $5 billion from each Defendant (*Id.* at p. 7).

On September 26, 2019, Defendants filed the instant motion to dismiss (Doc. 10), arguing that this Court lacks subject matter jurisdiction, that the Pearsons lack standing to sue under 18 U.S.C. § 371, and that the Pearsons' allegations are insufficient to state a claim for conspiracy to commit fraud. Plaintiffs Donna Pearson and Frank Pearson filed a timely

response in opposition (Doc. 21).

## LEGAL STANDARD

To survive a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must "clearly allege facts demonstrating each element" required to establish he has standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547. The burden of establishing these three elements falls on the party invoking the court's jurisdiction. *Id.*

Whether a defendant argues that a complaint fails to (1) properly state a claim, or (2) properly plead the elements of standing, courts apply the same analysis. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. 554-55 (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## DISCUSSION

Defendants first argue that the Pearsons have not met their burden of demonstrating this Court has subject matter jurisdiction. Defendants assert that a residential property insurance claim for hail or water damage, without more, cannot give rise to a federal question of conspiratorial crimes against the U.S. Government.

In response to Defendants' motion, the Pearsons attempt to argue that this Court has jurisdiction because all insurance contracts "are federal" in that they affect interstate commerce (Doc. 19). They also rely on the fact that Frank Pearson is a Vietnam War veteran and former federal police officer.

"In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that "there is *in fact* no subject matter jurisdiction," even if the pleadings are formally sufficient, while a facial challenge argues the plaintiff has not sufficiently "*alleged* a basis of subject matter jurisdiction." *Id.* (citation omitted). Here, the Court construes Defendants' argument as a factual challenge because they claim there is no basis for subject matter jurisdiction. Thus, the Court may look beyond the pleadings and view any evidence submitted to determine whether subject matter jurisdiction exists. *Id.*

The Pearsons bring their conspiracy to commit fraud claim under 18 U.S.C. § 371, which is a criminal statute requiring punishment when "two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy." 18 U.S.C. § 371. A person convicted of the crime faces a fine or imprisonment of not more than five years, or both. *Id.*

There is, however, no private right of action under federal criminal statutes. Thus, the Pearsons are precluded from bringing any claims under 18 U.S.C. § 371. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (plaintiff was precluded from asserting any claims pursuant to 18 U.S.C. § 371 because, as a criminal statute, it does not convey a private right of action); *see also Prock v. Christian*, No. 115CV00787SEBDKL, 2016 WL 1627749, at *3 (S.D. Ind. Apr. 22, 2016) (quoting *Israel Aircraft Industries Ltd., v. Sanwa Business Credit Corporation*, 16 F.3d 198, 200 (7th Cir. 1994)) ("Express provisions for criminal prosecution and administrative enforcement . . . without a corresponding provision for private enforcement, generally establish that private enforcement is inappropriate."). Contrary to the Pearsons' assertion, Frank Pearson's status as a Vietnam veteran and former federal police officer does not grant them authority to use 18 U.S.C. § 371 to bring their civil conspiracy claim. Thus, the Pearsons' claim under 18 U.S.C. § 371 must be dismissed.

Furthermore, because a non-lawyer cannot handle a case on behalf of anyone except himself or herself, the Pearsons cannot sue on behalf of the U.S. Government, the Veterans Administration, and the Secretary of Veterans Affairs. *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (to maintain a suit on behalf of the government, the plaintiff has to be either licensed as a lawyer or represented by a lawyer). Thus, these Plaintiffs will be dismissed as parties to this action.

Of course, this Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However inartfully pleaded, a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. *Id.* Under this standard, a *pro se* complaint "may only be dismissed if it is beyond doubt that there is no set of facts

under which the plaintiff could obtain relief." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

While the Pearsons cannot bring a conspiracy to defraud claim under 18 U.S.C. § 371, Illinois law recognizes the intentional tort of conspiracy to commit fraud. *See GMAC, LLC v. Hillquist*, 652 F. Supp. 2d 908, 922 (N.D. Ill. 2009) (quoting *Bosak v. McDonough*, 549 N.E.2d 643, 646 (Ill. App. Ct. 1989) ("The elements of a cause of action for conspiracy to defraud are: (1) a conspiracy; (2) an overt act of fraud in furtherance of the conspiracy; and (3) damages to the plaintiff as a result of the fraud.")). But with no federal question at play, this Court only has subject matter jurisdiction over a claim arising under Illinois law if there is complete diversity of the parties pursuant to 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332(a)(1), district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. In other words, no plaintiff may be a citizen of the same state as any defendant. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). "Citizenship" for diversity purposes is determined by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely. *See Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

Here, while the amount in controversy clearly exceeds $75,000, the Complaint is completely devoid of any allegations regarding the parties' citizenship (Doc. 1). "Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005); *see also Morales v. Menard, Inc.*, No. 12-CV-9082,

2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) (the party seeking federal jurisdiction bears the burden to prove that the Court has jurisdiction). Thus, the Pearsons have failed to establish that this Court has diversity jurisdiction.

With no allegations supporting federal diversity jurisdiction, and no basis for federal question jurisdiction, Defendants' Motion to Dismiss for lack of jurisdiction (Doc. 10) is **GRANTED**. The Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiffs Donna Pearson and Frank Pearson are granted leave to file an Amended Complaint, within **30 days** of this Order (on or before **May 20, 2020**), that properly sets forth the parties' citizenship for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. Failure to file an Amended Complaint which establishes the Court's subject matter jurisdiction will result in dismissal of this action.

The U.S. Government, Veterans Administration, and Secretary of Veterans Affairs are **DISMISSED** as parties to this action.

**IT IS SO ORDERED.**

DATED: April 20, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**