IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK T. PEARSON and DONNA K. PEARSON, **Plaintiffs,** v. NOLA DEVRIES, FORRESTON MUTUAL INSURANCE, NORM BRAND, TOM DOOLEY, DOOLEY CLAIMS SERVICE, ALL BOARD MEMBERS OF FORRESTON MUTUAL INSURANCE, and ALL OWNERS OF FORRESTON MUTUAL, **Defendants.** | Case No. 3:19-CV-972-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendants Forreston Mutual Insurance Company ("Forreston Mutual"), Nola Devries, Tom Dooley, Norm Brand, and Dooley Claims Service (Doc. 35). Defendants assert this Court lacks subject matter jurisdiction and, thus, the Complaint must be dismissed. Alternatively, they argue Plaintiffs have failed to state a claim. Plaintiffs Donna and Frank Pearson filed a timely response in opposition (Doc. 36).

### PROCEDURAL HISTORY

On September 4, 2019, the Pearsons filed the Complaint in this matter purportedly on behalf of themselves, the United States Government, the United States Department of Veterans Affairs (VA), and the Secretary of Veterans Affairs, alleging a conspiracy by

Defendants to defraud the Government and anyone who files a claim with Forreston Mutual for damage or loss on a homeowners' policy (Doc. 1). Specifically, the Pearsons alleged that in August 2019, they filed a claim with Forreston Mutual for total roof damage on property secured by a VA loan (*Id.* at pp. 4-5). The Pearsons claimed they suffered complete roof damage, a loss of all ceilings in their house, and a total loss of all objects and furniture in their home due to rain, hail, mold, and mildew (*Id.* at p. 5). When Dooley Claims Service, hired by Nola DeVries of Forreston Mutual, found no damage, Forreston Mutual denied the claim (*Id.* at p. 6). The Pearsons alleged this conduct was part of a grand conspiracy to defraud the VA and the United States Government. They also alleged the actions constituted a crime and that they rose to the level of elder abuse as to Plaintiff Frank Pearson. The Pearsons sought compensatory damages and punitive damages of $5 billion from each Defendant (*Id.* at p. 7).

The Court granted Defendants' motion to dismiss the original Complaint, finding Plaintiffs had no authority to use 18 U.S.C. § 371, a criminal statute, to bring their conspiracy to commit fraud claim (Doc. 29). The Court further dismissed the U.S. Government, the VA, and the Secretary of Veterans Affairs as plaintiffs because a non-lawyer cannot handle a case on behalf of anyone except him- or herself (*Id.*). The Court noted, however, that it must liberally construe *pro se* complaints and that Illinois law recognizes the intentional tort of conspiracy to commit fraud (*Id.*). The Court would only have subject matter jurisdiction over such a claim, however, if the parties were completely diverse under 28 U.S.C. § 1332. Because there were no allegations in the Complaint supporting federal diversity jurisdiction, and no basis for federal question

jurisdiction, the Court dismissed the complaint without prejudice. The Pearsons were granted leave to file an Amended Complaint within 30 days that set forth the parties' citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

On April 30, 2020, the Pearsons filed an Amended Complaint alleging that federal courts have jurisdiction over cases and controversies between citizens and corporations of the same state involving lands under grants of a different state (Doc. 31). Because the land in question in this lawsuit is under mortgage to Carrington Mortgage Company in Phoenix, Arizona, the Pearsons assert that subject matter jurisdiction is proper in this Court.

### MOTION TO DISMISS

Defendants again move to dismiss the Amended Complaint, arguing that the Pearsons still have not established this Court's subject matter jurisdiction, nor have they properly set forth the parties' citizenship for purposes of diversity jurisdiction (Doc. 35-1). While the Pearsons reference an Arizona mortgage company and the VA, conclusory assertions of "controversies" between sovereigns, without any factual support, must be disregarded. Because the Pearsons' vague references to a VA loan and land "under grant" to an out-of-state mortgage corporation cannot establish a federal controversy, the Amended Complaint should be dismissed for lack of subject matter jurisdiction.

In response, the Pearsons now claim that Carrington Mortgage Company is a defendant in this matter. Because Carrington Mortgage is "incorporated in Arizona and California," and not in Illinois, diversity of citizenship exists among the parties. The Pearsons include a copy of the Civil Cover Sheet, in which "Carrington Mtg." is written

and highlighted under the "Defendants" section (Doc. 36 at p. 2). This notation was not present on the Civil Cover Sheet attached to the original Complaint (Doc. 2-1). The Pearsons assert that if someone would just "pay attention" to this case, it would be clear that federal question and diversity jurisdiction have existed since the case was filed.

## DISCUSSION

Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. "Citizenship" for diversity purposes is determined by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely. *See Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020); *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

Despite being instructed to provide the citizenship of all parties, the Pearsons again have failed to provide this information in the Amended Complaint. Other than a reference to Carrington Mortgage Company, which allegedly is located in Arizona and California, the Amended Complaint is devoid of any information regarding the parties' citizenship. And in any event, Carrington Mortgage Company is not a party to this action.[1] Thus, Plaintiffs have failed to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

---

[1] Carrington Mortgage Company was not added as a party to this action by way of the Amended Complaint, nor has it ever been served with a summons and complaint. The fact that Plaintiffs wrote in "Carrington Mtg." on the Civil Cover Sheet after the fact and attached it to their response to Defendants' Motion to Dismiss does not make it a party to this action.

There also is no subject matter jurisdiction based on the Pearsons' assertion that federal courts may hear controversies between citizens of the same state claiming lands under grants of different states. *See* U.S. CONST., art. III, § 2, cl. 1. This is not an action to quiet title to land granted by a state. *See Stevenson v. Fain*, 195 U.S. 165, 165 (1904) (discussing Article III, Section 2 in the context of two parties claiming title to land allegedly granted to their ancestors by the states of Tennessee and North Carolina); *Port of Portland v. Tri-Club Islands, Inc.*, 315 F. Supp. 1160, 1160 (D. Or. 1970) (subject matter jurisdiction was proper where plaintiffs claimed title to land under a deed from the State of Oregon and Defendants claimed title to the same land under deed from the State of Washington). Instead, this appears to be a breach of contract case that belongs, if anywhere, in state court.

Because Plaintiffs have failed to establish federal subject matter jurisdiction, this action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

DATED:   September 21, 2020

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**